EDITH H. JONES, Circuit Judge, dissenting in part: With respect, I would dismiss Legacy’s complaint regarding the Commission’s rule that MCOs must fully reimburse FQHCs because Legacy has failed to establish standing to raise this issue. “The party invoking federal jurisdiction bears the burden” of establishing standing. Lujan v. Defs. of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). At the summary judgment stage, the party invoking federal jurisdiction “can no longer rest on ... ‘mere allegations,’ but must ‘set forth’ by affidavit or other evidence ‘specific facts.’” Id. at 561, 112 S.Ct. at 2137. Legacy has failed to present any evidence, or even argued, that it has been injured because it “undoubtedly will have future dealings with MCOs.” And Clinton cannot save Legacy from its failure to do so. Clinton v. City of N.Y., 524 U.S. 417, 118 S.Ct. 2091, 141 L.Ed.2d 393 (1998). In Clinton, the farmer’s cooperative plaintiff presented evidence that it was “actively searching for other processing facilities for possible future purchase if the President’s cancellation [were] reversed; and there [were] ample processing facilities in the State that [the cooperative might have been] able to purchase.” Clinton, 524 U.S. at 432, 118 S.Ct. at 2100.[1] Here, in contrast, Legacy has contended from the outset that it has standing simply because of its terminated contract with TCHP. Legacy improperly relied on Planned Parenthood v. Gee, a case that was altered on rehearing due to Supreme Court case law.[2] Legacy admits it was never denied a dime of reimbursement under its contract with TCHP. Regardless whether I agree with the opinion’s resolution of the merits, we do not have jurisdiction to decide this claim because Legacy-does not have standing to pursue this claim. I respectfully dissent from this piece of an otherwise excellent opinion. . Compare Planned Parenthood of the Gulf Coast, Inc. v. Gee, 837 F.3d 477, 487 & n.14 (5th Cir. 2016), with Planned Parenthood of the Gulf Coast, Inc. v. Gee, 862 F.3d 445, 455 & n.14 (5th Cir. 2017) (quoting Spokeo, Inc. v. Robins, — U.S. —, 136 S.Ct. 1540, 1549, 194 L.Ed.2d 635 (2016)).